[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11014
Non-Argument Calendar

_____

D.C. Docket No. 2:11-cv-14306-KMM

WILLIAM JOHN RUDGE, IV,

Plaintiff - Appellant,

versus

CITY OF STUART,
A Municipal Corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 11, 2012)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

William John Rudge, IV, proceeding pro se, appeals the district court's

grant of summary judgment in favor of the City of Stuart, Florida on his 42 U.S.C. § 1983 claim for injunctive relief and money damages.

I.

In April 2009, after hearing testimony and considering evidence from both the City of Stuart and Rudge, a code enforcement magistrate found that Rudge's property was in violation of local ordinances. The magistrate ordered Rudge to come into compliance by July 2009. Apparently, Rudge did not, because the City issued a notice in October 2009 ordering him to abate the nuisance on his property caused by the violations identified in the magistrate's findings. The notice gave Rudge ten days to remedy the violations, and warned that if he did not, the City would do it at his expense. The notice informed Rudge that he could appeal that decision to the City Commission within ten days. On December 7, 2009, Rudge had not come into compliance, and the City attempted to gain entry to Rudge's property, but Rudge prevented it from doing so. The City then filed a complaint in the circuit court and secured an order for ex parte temporary and permanent injunctive relief to abate the nuisance on Rudge's property, citing various safety concerns. The court issued an injunction ordering Rudge to allow the City to enter his property and abate the violations specified in the October 2009 notice.

After a series of unsuccessful attempts to get relief from the injunction,[1] Rudge filed a complaint in federal district court alleging that the City of Stuart violated his right to due process of law by obtaining and enforcing the ex parte injunction.  The district court granted summary judgment in favor of the City, and Rudge appealed.

## II.

We review a district court's grant of summary judgment de novo, viewing all facts in the light most favorable to the non-moving party.  Ross v. Clayton Cnty., Ga., 173 F.3d 1305, 1307 (11th Cir. 1999).  Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

Under § 1983, a person acting under color of state law may be held liable for depriving an individual of a federal right.  42 U.S.C. § 1983.  The Constitution

---

[1] The ex parte injunction allowed Rudge to seek a hearing to dissolve or modify the injunction at any time.  Instead of filing a motion to dissolve or modify the injunction, Rudge's attorney filed a motion to dismiss the City's complaint, which the circuit court dismissed.

The court modified the temporary injunction in March 2010 and August 2010—both times at the City's request.  Rudge appealed the August 2010 order granting a modified injunction.  In July 2011, a state appeals court held that the City had a "clear legal right" under Florida law to enforce its nuisance abatement order.  Then, in August 2011, Rudge filed a motion to dissolve the ex parte temporary injunction, arguing that the injunction had been issued without notice in violation of Florida law.  The trial court struck his motion, finding that it had already conducted two evidentiary hearings following the ex parte injunction, and had otherwise complied with Florida law in issuing the initial injunction.

prohibits states from depriving persons of life, liberty, or property without due process of law. See U.S. Const. amend XIV, § 1; Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1041 (11th Cir. 1989). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333, 96 S. Ct. 893, 902 (1976) (quotation marks omitted). The Fourteenth Amendment, however, does not protect individuals against the violation of state procedural requirements, provided that the basic federal due process right to notice and opportunity to be heard has been met. See First Assembly of God of Naples, Fla., Inc. v. Collier Cnty., Fla., 20 F.3d 419, 422 (11th Cir. 1994). In determining whether process is constitutionally adequate, we consider: 1) the private interest at stake; 2) the risk of erroneous deprivation through existing procedures and the probable value of additional procedural safeguards; and 3) the state's interest. Eldridge, 424 U.S. at 335, 96 S. Ct. at 903. The Supreme Court has held that in the analogous context of forfeiture of real property, ex parte proceedings generally do not provide adequate procedural safeguards where the government otherwise fails to provide a pre-deprivation hearing. United States v. James Daniel Good Real Property, 510 U.S. 43, 62, 114 S. Ct. 492, 505 (1993).

We conclude that Rudge received constitutionally adequate process of law.

4

First, to the extent that Rudge argues the City failed to comply with the state's own procedural mandates, that claim, without more, does not amount to a denial of federal due process.  See First Assembly of God of Naples, 20 F.3d at 422.  Second, Rudge's claim that he did not receive adequate post-deprivation relief following the ex parte injunction is beside the point, because he received adequate pre-deprivation notice and opportunity to be heard.  Cf. James Daniel Good Real Property, 510 U.S. at 47, 114 S. Ct. at 497–98.  The City's October 2009 notice to abate the nuisance warned Rudge that he had ten days to remedy violations of specific ordinances, or the City would enter his property and do it for him.  Thus, the City gave Rudge notice of the action it intended to take.  More importantly, the October 2009 notice gave Rudge an opportunity to appeal that decision.  The City thus gave Rudge an opportunity to be heard.  Therefore, by the time the City filed its complaint for an ex parte injunction, it had already granted Rudge adequate notice and opportunity to be heard.[2]

### III.

For these reasons, we AFFIRM the district court's grant of summary judgment.

---

[2] We emphasize that the ex parte injunction allowed the City to do no more than it was authorized to do under the October 2009 notice.